IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACI MICHELLE RAMOS | § | |
| | § | |
| v. | § | 2:15-CV-5 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## TO DENY MOTION UNDER 28 U.S.C. § 2255 TO CORRECT SENTENCE

Came for consideration the Motion Under 28 U.S.C. § 2255 to Correct Sentence filed by defendant TRACI MICHELLE RAMOS. By her motion, defendant challenges her conviction, pursuant to a guilty plea, of the offense of distribution and possession with intent to distribute 5 grams or more but less than 50 grams of methamphetamine, and the resultant 87-month sentence. For the reasons set forth below, defendant's motion should be DENIED.

## I.
## BACKGROUND

On September 11, 2013, defendant was charged in a multi-count/multi-defendant Indictment with the offense of conspiracy (Count 1) and several counts of distribution and possession with intent to distribute methamphetamine (Counts 2, 3, 4, 6 and 9). On September 24, 2013, counsel was appointed to represent defendant. On October 9, 2013, defendant was charged in a Superseding Indictment with the same counts.

On October 29, 2013, defendant signed a Plea Agreement which provided, *inter alia*, that she agreed to waive certain rights in exchange for her guilty plea to the offense alleged in Count 4 of

the Superseding Indictment, that she understood the nature and elements of the offense to which she was pleading guilty, and that she agreed the Factual Resume she was signing was true and would be submitted as evidence. Defendant acknowledged the maximum penalties the Court could impose, stated she understood the sentence would be imposed by the Court after consideration of the Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a), and that the guidelines were not binding on the Court. Defendant acknowledged she had reviewed the guidelines with counsel but understood no one could predict with certainty the outcome of the Court's consideration of the guidelines in her case. Defendant acknowledged she would not be allowed to withdraw her plea if her sentence was higher than expected, and that she fully understood the actual sentence imposed was solely in the discretion of the Court. Defendant averred her guilty plea was not the result of promises apart from those in the plea agreement, and that there had been no guarantees or promises from anyone as to what sentence the Court would impose. Defendant also acknowledged the Plea Agreement document was a complete statement of the parties' agreement.

On that same date, defendant signed a Factual Resume and agreed that the following facts were true and formed the basis for her guilty plea:

> On or about January 17, 2013, in the Amarillo Division of the Northern District of Texas, and elsewhere, Traci Michelle Ramos, defendant, did knowingly and intentionally distribute and possess with intent to distribute five grams and more, but less than fifty grams, of methamphetamine, a schedule II controlled substance.
>
> On January 13, 2013, an agent with the Texas Department of Public Safety (DPS) acting in an undercover capacity (UC) sent a text message to Traci Michelle Ramos asking if Ramos was "good for one this week," which was code for the UC obtaining one ounce of methamphetamine from Ramos. Ramos answered in a text message that she was. On January 17, 2013, at about 11:06 a.m., the UC and Ramos agreed to meet at the Walmart on Georgia Street in Amarillo, Texas. The UC arrived at the Walmart and waited for Ramos. Ramos arrived at the Walmart at about 1:02 p.m. Ramos got out of her vehicle, walked up to the UC's vehicle, and got into the passenger seat of the UC's vehicle. Ramos handed the UC a clear plastic bag containing about 28.7 gross grams of

suspected methamphetamine. The UC, in turn, handed Ramos $1,400.00 in official authorized funds. Ramos exited the UC's vehicle and each of them left the Walmart.

Subsequent testing by the Drug Enforcement Administration South Central Laboratory confirmed that the substance Ramos sold the UC was, in fact, methamphetamine, a Schedule II controlled substance, with a total net weight of 27.6 grams. The lab determined that at least 23.6 net grams of that total net weight was pure, or actual, methamphetamine.

On November 5, 2013, defendant was re-arraigned and, pursuant to the plea agreement, entered a guilty plea to Count 4 of the Superseding Indictment which charged her with distribution and possession with intent to distribute 5 grams or more, but less than 50 grams, of methamphetamine. At the re-arraignment, defendant confirmed she had discussed with her counsel how the Sentencing Guidelines might affect her, and that she understood her lawyer could not tell her what her sentencing guideline range would be. Defendant also confirmed the Government had not made any other agreement with her other than what was in the Plea Agreement. The Court accepted and entered defendant's plea and the cause was continued for sentencing pending the receipt of the probation officer's Presentence Investigation Report (PSR).

On December 10, 2013, a PSR was prepared. The PSR detailed defendant's full offense conduct which included various controlled buys and other drug sales in recorded telephone calls. The PSR attributed a Base Offense Level of 32 for defendant's charged offense due to the total amount of drugs for which she was held accountable for possessing and distributing. Defendant's offense level was decreased by 3 points due to defendant's acceptance of responsibility, resulting in a Total Offense Level of 29. Defendant was assessed 1 point each for two (2) prior adult convictions: a June 19, 2008 conviction for Driving While Intoxicated whereby she was sentenced to 180 days in jail, probated for 24 months; and a January 4, 2013 conviction for Possession of a Controlled Substance in a Drug Free Zone whereby she was sentenced to 4 years in TDCJ-CID,

probated. An additional two points were added because defendant had committed the instant offense while on probation for the possession offense, resulting in a Criminal History Score of 4 and a Criminal History Category of III. Based on these calculations, the PSR recommended a guideline imprisonment range of 108 - 135 months. Counsel for defendant filed no objections to the statements of fact or to the guideline calculations contained in the PSR.

On January 9, 2014, the Court held petitioner's sentencing hearing. At the hearing, defendant acknowledged she had read the PSR, believed she understood it, and thought everything in the PSR was correct. During allocution, defendant requested the Court to "please consider giving [her] the lowest amount possible" for her sentence. The Court then sentenced petitioner to a 108-month term of imprisonment in the United States Bureau of Prisons, a sentence within the recommended guideline range and the prescribed statutory maximum sentence. The Court explained that it set defendant's penalty at the bottom of the guideline range. Judgment was entered that same date.

Defendant appealed her conviction and sentence to the United States Court of Appeals for the Fifth Circuit. Newly appointed appellate counsel filed an *Anders* brief stating a review of the record revealed no non-frivolous grounds for appeal. Defendant did not file a *pro se* appellate brief asserting trial court error. On November 4, 2014, the appellate court dismissed the appeal as frivolous. *United States v. Ramos*, No. 14-10082.

On January 5, 2015, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On February 13, 2015, the government filed its response in opposition to defendant's motion. Defendant did not file a reply to the government's response.

On March 12, 2015, defendant filed a Motion to Reduce Sentence based on a 2014 Drug Guidelines Amendment. On December 18, 2015, the Court granted defendant's Motion to Reduce Sentence and reduced defendant's sentence to 87 months.

On August 22, 2016, defendant filed a second motion to vacate under section 2255. The undersigned entered a Report and Recommendation to deny that motion on June 12, 2017.

## II.
## PETITIONER'S ALLEGATIONS

In this motion, defendant contends she is being held in violation of the Constitution and laws of the United States for the following reasons:

Defendant was denied effective assistance of trial counsel because her attorney:

1. advised she would receive a sentence of no more than 60 months if she entered a guilty plea;

2. failed to ensure the Court complied with Rule 11 of the Federal Rules of Criminal Procedure by:

    a. advising her of "several core concerns"; and

    b. advising her the factors under 18 U.S.C. § 3553 would be considered in assessing defendant's sentence.

3. failed to object to the inclusion of a misdemeanor conviction in calculating her criminal history score in the PSR, resulting in an erroneous Criminal History Category.

## III.
## MERITS

In its response filed February 13, 2015, the government thoroughly and accurately briefed statutory and case law regarding the applicable standards of review for relief under 28 U.S.C. § 2255 proceedings, and for claims of ineffective assistance of counsel. It is not necessary to repeat

the government's briefing regarding the clearly established standards of review this Court must follow.

## A. <u>Advised of a Particular Sentence</u>

Defendant contends that "after speaking with counsel," she was "convinced" her sentence would be no more than 60 months if she entered a guilty plea to Count 4 of the Superseding Indictment. Defendant maintains counsel was "adamant that the sentence would not be higher." Defendant further contends counsel "stated that the prosecutor agreed." Defendant received a 108-month sentence (subsequently reduced to 87 months) rather than the 60-month sentence she alleges she was told she would likely receive. Defendant claims that if she had known there was a "possibility of a much longer sentence," she "would have either re-negotiated [her plea agreement] or gone to trial." Defendant concludes counsel misadvised her as to the sentence she would receive in exchange for her guilty plea, that such misadvice was deficient, and that she was prejudiced as a result.

As noted above, in the written plea agreement, defendant acknowledged no one could predict with certainty the outcome of the Court's consideration of the guidelines in her case, and that the Court had sole discretion in imposing her sentence. At re-arraignment, defendant verbally confirmed she had discussed the guidelines with counsel but understood counsel could not tell her what the guideline range would be. At the sentencing hearing, defendant stated she believed everything in the PSR was correct, which necessarily included the 108-month minimum guideline range, not a 60-month minimum. During allocution, defendant requested the Court to "consider" giving her the lowest sentence possible, which the Court did. As set out in the government's response and supported by citation, there is a strong presumption of verity of declarations made in

open court, and there are only limited circumstances under which a defendant may refute his or her testimony given at a plea or sentencing hearing while under oath. At no point during the court proceedings did defendant express her belief, purportedly based on the advice and representations of trial counsel, that she would not receive a sentence greater than 60 months. In fact, defendant stated there had been no promises as to what her sentence would be. Based on the record, defendant has failed to establish counsel gave incorrect advice as to the sentence that would be assessed and defendant has failed to meet her burden of proving counsel was deficient. Moreover, defendant does not state, unequivocally, that if she had known she would not receive a 60-month sentence as she claims counsel advised her, that she "would not have pleaded guilty and would have insisted on going to trial." This falls short of demonstrating the prejudice required to show a denial of effective assistance of counsel.

If it is defendant's contention that the Government promised her or otherwise agreed to a 60-month sentence, this claim must also fail. As noted by the government in its response and supported by citation, when a defendant claims an alleged promise has been made that is inconsistent with representations defendant has made in open court, defendant must prove (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identify of an eyewitness to the promise. Defendant has not shown any of these requirements to be entitled to relief. Moreover, defendant confirmed under oath there were no other agreements outside the plea agreement and requested the Court impose the lowest sentence possible, an unnecessary request if there had, in fact, been an existing agreement for a 60-month sentence.

Defendant has failed to demonstrate counsel was deficient in misadvising defendant she would receive a particular sentence, or that defendant was prejudiced by any misadvice on the part

of counsel. This ground should be denied.

## B. Rule 11 Error

Defendant next argues counsel was deficient because she failed to object when the Court failed to advise defendant of "several core concerns" as required by Rule 11 of the Federal Rules of Criminal Procedure. Defendant does not, however, identify what parts of Rule 11 she contends were violated, which "core concerns" were implicated or, more importantly for this alleged constitutional error, how counsel's failure to object was deficient or how defendant was prejudiced as a result. Even if the trial court did not strictly adhere to the requirements of Rule 11 and counsel was deficient in failing to ensure such compliance by objection, defendant has still not demonstrated the requisite prejudice. As noted by the Government and supported by citation in its response, errors in a Rule 11 colloquy will be found to be harmless where the omitted information was included in the supporting written documents or where the errors, even cumulatively, did not affect the voluntariness of the plea. Here, in addition to failing to identify the Rule 11 deficiencies to which counsel should have objected, defendant provides no basis to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." This claim should be denied.

Defendant also asserts counsel was deficient because she failed to object when the Court failed to advise defendant, as required by Rule 11, that the factors under 18 U.S.C. § 3553 would be considered in assessing defendant's sentence. Defendant contends she would have "reconsidered" entering a guilty plea "had the Court followed protocol and the attorney effectively explained the effects [of the consideration of the § 3553 factors]."

The transcript of the re-arraignment reflects the trial court did not specifically refer to the

section 3553 factors when receiving defendant's guilty plea. However, "[a] variance from the requirements of [Rule 11] is harmless error [on appellate review] if it does not affect substantial rights." Fed. R. Crim. Proc. 11(h). Here, defendant confirmed on the record, when specifically asked by the trial court, that she had read and understood the Plea Agreement she had signed. The Plea Agreement clearly stated defendant understood sentence would be "imposed by the Court after consideration of the United States Sentencing Guidelines *and the factors found in 18 U.S.C. § 3553(a)*" (emphasis added), and the sentence imposed would be "solely in the discretion of the Court." The trial court confirmed defendant understood the guidelines would be advisory and that neither her lawyer nor the court could tell her what the guidelines would be. Defendant was informed and was aware that the factors under section 3553(a) would be considered by the trial court in assessing sentence prior to pleading guilty but defendant persisted in pleading guilty. Even if counsel were found to be deficient for failing to object to the trial court's failure to reiterate the provision of the Plea Agreement that the section 3553 factors would be considered in assessing sentence (which would have been harmless error on appeal), defendant has not shown she was prejudiced by showing a reasonable probability that the result of the proceeding would have been different had counsel objected. This claim should be denied.

Lastly, to the extent, if any, defendant argues counsel was deficient for failing to "effectively explain[] the effects" of the consideration of the section 3553 factors, defendant fails to point to any particular factor she contends she did not understand or that was not effectively explained, or how further explanation of this factor or factors would have resulted in defendant refusing to plead guilty and, instead, insisting on going to trial on all charges in the Superseding Indictment. Defendant fails to establish counsel performed deficiently and that she was prejudiced as a result thereof. This claim must be denied.

## C. Criminal History Score

Defendant contends counsel was deficient because she failed to object to the inclusion of the misdemeanor DWI conviction in calculating defendant's criminal history score in the PSR. Defendant concludes the inclusion of the conviction caused her Criminal History Category to be incorrectly calculated as a III.

Defendant does not state the basis for her argument that the inclusion of the misdemeanor DWI conviction in her criminal history score was erroneous. The government has characterized her claim to be that the conviction should not have been included simply because it was a misdemeanor rather than a felony. If this is defendant's argument, defendant's claim is without merit. As noted above, defendant received a 180-day jail sentence which was probated for 24 months for her June 19, 2008 misdemeanor DWI conviction. As set out in the government's answer, misdemeanor convictions are to be included in the criminal history calculation if (1) the sentence imposed was greater than a 1-year term of probation or at least a 30-day term of imprisonment; and (2) the conviction was for a crime not listed in the "never counted" offenses set forth in section 4A1.1(c)(1) and (2) of the United States Sentencing Guidelines. Defendant's DWI conviction and sentence met these conditions and was properly included in the criminal history calculation of the PSR. Counsel was not deficient for failing to lodge a frivolous objection to the PSR calculation, nor was defendant prejudiced by counsel's failure to object. This ground is without merit and should be denied.

The government has properly analyzed petitioner's failure to show deficient performance of counsel or prejudice as a result of such performance (the standard for establishing ineffective assistance of counsel). It is the opinion of the undersigned United States Magistrate Judge that petitioner's motion to vacate should be DENIED.

# IV.
## RECOMMENDATION

For the reasons set forth above and as set out in the government's response, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner TRACI MICHELLE RAMOS be DENIED.

# V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____ day of June 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).